# Warner Gear Co. *v.* Bergdoll, Appellant.

*Contracts—Suretyship—Extent of liability.*

1. The liability of a surety is not to be extended beyond the terms of his contract, and that contract must be strictly construed.

2. Where a surety under a contract for the purchase of certain goods agrees that "payments called for under this contract are personally guaranteed by" him, the surety is liable for the price of goods actually delivered by the vendor, but not for loss resulting to the vendor, occasioned by the inability of the vendee to perform on account of bankruptcy, or for the vendor's loss on materials purchased for the purpose of fulfilling a part of the contract which both parties later agreed to cancel.

Argued Feb. 29, 1916.    Appeal, No. 368, Jan. T., 1916, by defendant, from judgment of C. P. No. 4, Philadelphia Co., June T., 1913, No. 3215, on verdict for plaintiff in case of Warner Gear Company v. Louis J. Bergdoll. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and WALLING, JJ.    Affirmed.

Assumpsit upon a contract of suretyship.

The facts appear in the following opinion by AUDENRIED, P. J.:

This action was brought against the defendant as guarantor of the payments called for under six contracts between the plaintiff and the Louis J. Bergdoll Company, of which corporation, at the time when these contracts were made, he was the president.  The contracts provided for the supply by the plaintiff to the defendant's company of certain parts for use in the building of motor cars.    Each contract contained a clause reading: "15. The payments called for under this contract are personally guaranteed by Louis J. Bergdoll," the name inserted at the end of the clause being the signature of the defendant.

The plaintiff on these undertakings by the defendant claimed, 1st, the contract price of certain of its wares

delivered under its contracts with the Louis J. Bergdoll Company; 2d, the amount of profits lost by plaintiff through the prevention of the carrying out of five of these contracts by reason of the bankruptcy of the other party thereto; and 3d, its loss on materials purchased for the purpose of fulfilling one of the contracts that both parties thereto later agreed to cancel. Interest from March 20, 1913, was demanded on each of these items.

The affidavit of defense admitted the execution of the contracts above referred to and of the defendant's undertakings on which the action was based. It also admitted that under and pursuant to these contracts and in reliance upon the defendant's suretyship the plaintiff had delivered to the Louis J. Bergdoll Company at various dates set forth in the former's book of original entries, a copy of which was attached to the statement of claim, sundry levers, gears, transmissions, &c., to the value of $4,730 at contract prices. These admissions were read at the trial under the rule of court. It was conceded that the goods had not been paid for and that the buyer was bankrupt. The only defense suggested as against this item of the plaintiff's claim was the fact that the articles shipped to the Louis J. Bergdoll Company were late in delivery; but no offer was made to show how the delay had injured the purchaser. Without more, mere tardiness on the part of the plaintiff constituted no defense to its claim against Mr. Bergdoll, since he admitted the delivery of the goods "under and pursuant to the contracts" upon which he had become responsible. For the amount of this item of the demand with interest, the plaintiff was certainly entitled to a recovery, and binding instructions in its favor were proper quoad hoc.

On careful study of the subject the court has reached the conclusion that neither the second nor third claim of the plaintiff can be sustained on the basis of the undertakings entered into by the defendant. As surety his liability is not to be extended beyond the terms of his

contract, and that contract must be strictly construed:
Miller v. Stewart, et al., 22 N. S. 680.   The defendant
agreed to be responsible for payments called for under
the contracts of his corporation.   This, we think, is
quite different from undertaking to pay the damages re-
coverable from that corporation on its breach of those
contracts.   What he agreed to do was to guarantee pay-
ment of the prices merely of what the plaintiff delivered.
These were the only payments called for under the con-
tract.   To extend his liability beyond the amount there-
of is to stretch it beyond the plain terms on which the
parties agreed.

Under this view of the matter, the trial judge with-
drew the plaintiff's third item of claim from the con-
sideration of the jury, and rightly.   He, however, sub-
mitted to them the plaintiff's claim for its loss of profits
on its contracts with the Louis J. Bergdoll Company.
No authority has been brought to our attention that jus-
tifies this action and we think that it was an error.

The jury rendered a verdict against the defendant for
$17,978.20.   To the extent by which this exceeded the
amount of the first item of the plaintiff's claim, $4,730,
with interest thereon from March 20, 1913, this verdict
is without lawful foundation.   It is fortunately possible
in this case to distinguish between that portion of the
verdict that is proper and that which should not be sus-
tained.   We have no doubt, upon the undisputed facts,
that the plaintiff ought to have recovered $5,229, but no
more.   If it shall within thirty days file a remittitur of
all that was awarded to it in excess of that sum with the
interest accrued since March 5, 1915, the defendant's
motion for a new trial will be refused; otherwise a new
trial will be granted.

Verdict for plaintiff for $17,978.20, which was subse-
quently reduced to $5,229 by the filing of a remittitur.

The lower court dismissed defendant's motions for a
new trial and for judgment n. o. v. and entered judgment

for plaintiff on the reduced verdict. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment non obstante veredicto.

*John Weaver,* for appellant.

*Morris Wolf,* with him *Malcolm Sundheimer* and *Horace Stern,* for appellee.

PER CURIAM, March 20, 1916:

This judgment is affirmed on the opinion of the learned president judge of the court below denying the motion for judgment non obstante veredicto.