## Cohen et al., Appellant, v. Bank of Philadelphia et al.

Argued October 14, 1930.

Before TREX-
LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM,
BALDRIGE and WHITMORE, JJ.

*Edward Unterberger,* for appellant.

*Wallace C. Stilz,* and with him *Leon J. Obermayer*
and *Lester B. Johnson,* for appellee.

OPINION BY LINN, J., January 30, 1931:

This appeal is from the refusal to take off a non-
suit. The action was in assumpsit to recover $1386
on the following writings, the first being part of ex-

hibit B to the statement of claim, and the second, a receipt, which was exhibit C to the statement:

"Whereas, Domenick Iero, as owner, has entered into a contract dated March 12, 1927, with ...... the Reliable Cornice and Roofing Works, contractor, for the roofing-work for an operation of forty-three (43) houses situate on ...... Smylie Road ...... in ...... Philadelphia, for a cash consideration of $3,989, payable as the work progresses, and deferred payment of $1,386 payable and secured as set forth in Schedule B of said contract.

"Now, Oak Lane Trust Company, in consideration of the sum of $40 unto it paid by the said contractor, hereby guarantees the payment by the said owner to the said contractor of the cash portion of the consideration money, namely $3,989 as and when the said contractor may be entitled to receive payment thereof under the terms of the said contract.

"And in consideration of the further sum of $30 unto it paid by said contractor, Oak Lane Trust Company agrees to hold title in its own name, or for its account, to the collateral security described in Schedule B of the said contract, and to transfer assign and deliver title thereto to the said contractor as and when the contractor may be entitled to receive same under the terms of said contract. And Oak Lane Trust Company further agrees to accompany said title with the policy of Oak Lane Trust Company insuring such title, subject only to the encumbrances mentioned in said Schedule B and such other exceptions as appear upon all other title policies of said operation; and insuring the completion of the improvements mentioned in said Schedule B in accordance with the plans, specifications and contracts therefor on file with the Oak Lane Trust Company, and insuring the title against loss by reason of mechanics' liens not of record; and insuring that street improve-

ments, as called for by the plans, specifications and contracts, will be paid for when made ...... Oak Lane Trust Company."

Exhibit 'C.'

Philadelphia, June 21, 1927.

"Reliable Cornice and Roofing Co.
  1632 N. Randolph St.
To Oak Lane Trust Company, Dr.

For guarantee of cash payments on contract between Domenick Iero and your Company covering roofing work on forty-three (43) houses being erected on the northeast and southwest sides of Smylie Road between 'F' Street and Roosevelt Blvd.:

$3989.00 ............................... $40.00
guarantee of deferred payments
of $1,386.00 on above contract ........... 30.00
insuring completion of property, No. 750
Smylie Rd. including electric fixtures, gas
ranges, paperhanging $70.00
Received payment 6-24-27 Oak Lane Tr. Co. ......"

At the trial defendant admitted on the record that the words on the receipt, exhibit C, "insuring completion of property, No. 750 Smylie Rd. including electric fixtures, gas ranges, paperhanging," were "part of the terms of our guarantee and that the guarantee must be construed accordingly." Though the word guarantee is used, the contract is one of suretyship and not guaranty; July 24, 1913 P. L. 971; Bank v. Fry, 294 Pa. 425.

Plaintiff's contract with Iero contained the following provision concerning the deferred payment in suit. "The balance or remainder of the consideration above mentioned......[$1,386]......shall be payable ......by a promissory note, to be signed by Domenick Iero......which shall be dated, executed and delivered to the party of the second part thirty days after the entire completion of said 43 houses......ready for oc-

cupancy to the satisfaction of the party of the first part and the Oak Lane Trust Company, said note to be payable ninety days from date, ......''

"Domenick Iero agrees to set aside one (1) house for [plaintiff] as security for the payment of $1,386. This house to be held in trust by the Oak Lane Trust Company, house is subject to a first mortgage of $3,800 and a second mortgage of $1,000. This house being designated as No. 750 Smylie Road.

"The [plaintiff] agrees to release this house to Domenick Iero when the deferred payment is paid."

The record states that Iero never made the note and never paid the deferred payment. The house designated is held by defendant but is not completed; it lacks "paper-hanging, lighting fixtures and gas ranges."

By exhibit B, quoted above, the trust company (since merged with defendant) did not agree to pay $1386, but only to hold title to the designated house as security for the payment of Iero's note in that sum and to accompany the transfer of the property to plaintiff with an insurance policy insuring as set forth in the exhibit. The record shows that the trust company has title to the house; the statement of claim does not allege demand by plaintiff for transfer of the house to it or refusal to transfer.

Plaintiff, however, contends that by exhibit C, defendant assumed an obligation to pay $1386. It is true that the receipt contains the words "guarantee of deferred payments of $1,386 on above contract...... $30, insuring completion......" The words "above contract" refer to the contract between the plaintiffs and Iero (part of which is quoted above) which was exhibit A to the statement of claim. The papers must, of course, be construed by the court. In Thommen v. Aldine Trust Company, 302 Pa. 409, it was said: "The meaning of the contract was for the court, and de-

pended upon a consideration of all the attending circumstances: Bangor Peerless Slate Company v. Slate Company, 270 Pa. 161; Jackson v. Myers, 257 Pa. 104. Though a surety is favored in law, and the contract must be strictly construed so that only the burden assumed shall be imposed (Perry v. Payne, 217 Pa. 252; Warner Gear Co. v. Bergdoll, 253 Pa. 164; Nazareth Co. v. Marshall Co., 258 Pa. 558), yet this rule 'should not be carried to the length of giving the contract a forced and unreasonable construction with the view of relieving him': 50 C. J. 80; 21 R. C. L. 978. As was said by Mr. Justice WALLING, in State Camp v. Kelley, 267 Pa. 49, 55: 'While the contract of a surety cannot be extended beyond its terms, it should not be construed so strictly as to defeat the manifest intention of the parties.' 'Sureties are as much bound by the true intent and meaning of the instrument to which they are parties, as principals (Roth v. Miller 15 S. & R. 100), and though only enforced according to its exact terms, and liability is not to be extended by implication, it is nevertheless nothing more than a contract and must be construed according to the apparent intention of those bound thereby: Fink v. Farmers' Bank, 178 Pa. 154.''

We think that the recital of what was to be done for the premium of $30 specified in the receipt, exhibit C, relates to the obligation assumed in exhibit B for that premium; and that the words "guarantee of deferred payment" were not intended to create an obligation in addition to that stated in exhibit B; that the obligation of defendant was to receive and hold title to the house as security for Iero's debt, and, on proper demand, to transfer it to plaintiff with the policy of insurance insuring as stated in exhibit B, amplified only by the words added on the receipt, defining that the completed house must

be understood as containing paperhanging, electric fixtures and gas ranges; and the conclusion that the paperhanging, electric fixtures and gas range were to be included results only from the admission of defendant's counsel put into the record, as has been stated.

We must notice another matter. It developed at the trial, that when plaintiff demanded conveyance of the house, the defendant demanded a release of liens which plaintiff declined to furnish; the contract with Iero provided for such release before final payment was due; the release should be available for delivery in exchange for the deed. Plaintiff's counsel took the witness stand to testify, and while being cross-examined, a deed for the house and a title policy, as appears by the record, were offered to the witness as a tender to his client, the plaintiff, by cross-examining counsel; as the papers offered are not printed, we are not advised what they contained, but it is clear from what is stated, that they were not in accord with what defendant admits that plaintiff was entitled to receive. After that offer of a deed was made to the witness, the trial judge acquiesced in the suggestion of defendant's counsel, that defendant had then done all that was required by its contract and that a nonsuit should of necessity be entered. The attempted tender by offering title papers to the witness on the stand was, of course, entirely irregular and should not have been permitted by the court. It appears by the trial judge's opinion, subsequently filed under Rule 58, that the deed tendered at the trial was not in accordance with the contract. If defendant considered tender of title important to its case, it was matter of defense to be established and proved in the usual way and not to be thrust into the cross-examination of plaintiff's witness.

After the trial, as appears by correspondence in the

printed record, apparently added with leave of the trial judge and in consequence of what occurred. at the trial, another tender of some sort was made, and after its refusal, and, apparently in consequence of it, the court declined to take off the nonsuit.

Our study of the case results in the conclusion, as has been stated, that plaintiff has shown no right to recover $1,386 in this suit. We consider Dodson Coal Co. v. Land Co., 276 Pa. 452 and Goodwin v. Heckler, 252 Pa. 332 inapplicable. There was therefore no error in refusing to take off the nonsuit.

We have said nothing about the item of $50, because it was eliminated by the agreement of the parties at the trial.

Judgment affirmed, without prejudice to plaintiff's right to enforce by appropriate proceedings the obligations obviously assumed by the defendant.