## Keowee Textile Company v. Noggle

*Geisenberger & Geisenberger*, for plaintiff.
*Windolph & Mueller*, for defendant.

SCHAEFFER, J., January 12, 1934.—Suit was brought by plaintiff to recover from defendant a balance of $901.08, with interest, on a written guaranty covering merchandise sold and delivered by plaintiff to Noggle Shirt Company. William H. Noggle, the defendant, on September 3, 1931, individually wrote the following letter to plaintiff:

"I am in receipt of your letter addressed to Noggle Shirt Company, asking for my personal guaranty up to $1,000 for goods shipped to this company. I will personally guarantee this amount and will see that bills are met when they are mature, and that all orders sent to you are signed by me."

At that time, William H. Noggle was treasurer and a minority stockholder of Noggle Shirt Company. The above letter was written in response to a letter dated August 31, 1931, from Keowee Textile Company to Noggle Shirt Company, of Manheim, Pa., as follows:

"We have had some indirect correspondence with you through Mr. Fitzpatrick, of New York City, in regard to a line of credit, with the personal guaranty of Mr. Wm. H. Noggle.

"If Mr. Wm. H. Noggle will write us a letter guaranteeing prompt payment of our bills for shipments to you, as they mature, we will be glad to extend you a line of credit on regular terms of 3/10/60 extra, up to $1,000."

Subsequently, plaintiff sold merchandise to Noggle Shirt Company amounting to $1,589.71, for which it was paid in full. Plaintiff continued to sell goods

to Noggle Shirt Company, and the balance remaining unpaid, as admitted at the trial, is $901.08. This balance represents goods which were shipped by plaintiff on orders which were not signed by the defendant. At the trial of the case, a point for binding instructions in favor of the defendant was presented, which was affirmed, and thereupon the court directed a verdict for the defendant. The question involved is one of law, and the rule for a new trial apparently is not pressed. It is admitted that the defendant is a gratuitous guarantor, or surety. Contracts of accommodation sureties are strictly construed according to their terms: Warner Gear Co. v. Bergdoll, 253 Pa. 164; Shaw v. New Amsterdam Casualty Co., 310 Pa. 213. Furthermore, the obligation of the instrument of suretyship cannot be extended beyond the plain import of the words used. City of Lancaster, to use, v. Frescoln et al., 192 Pa. 452. The guaranty in question stipulates: "I will personally guarantee this amount and will see that bills are met when they are mature, and that all orders sent to you are signed by me." This appears to be free from ambiguity. The plain import of the clause referred to is to limit defendant's liability to orders signed by him; otherwise, it would be meaningless. Plaintiff contends, however, that the word "and" is controlling, and unless it is construed as meaning "providing" it does not make said clause an obligatory portion of the guaranty.

In McHenry Lumber Co., Inc., v. Second National Bank of Wilkes-Barre, Exec., 281 Pa. 52, 56, it was said: "If appellant's contentions were correct, the clause allowing a surrender of the lease would be a nullity. . . . Of course we cannot uphold such a contention".

In Myers v. Martin Construction & Supply Co., 6 D. & C. 718, it was decided that "a written agreement must be construed so as to give effect to all of its terms".

The plaintiff had presented a claim against the bankrupt estate of Noggle Shirt Company and received a dividend of $53.02. The defendant is now asked to pay the balance of the claim under his written guaranty. The defendant, by his written guaranty, agreed to answer for the default of Noggle Shirt Company to the extent of $1,000. Under the provisions of the Act of July 24, 1913, P. L. 971, the defendant thus became subject to the liability of a surety: Sullivan Smythfield Co. v. Welsh, 91 Pa. Superior Ct. 413.

It appears, therefore, that plaintiff is not entitled to recover from the defendant on said guaranty, because it expressly and unequivocally provided that this guaranty covered merchandise only which was sold and delivered by plaintiff to Noggle Shirt Company on a written order signed by the defendant. It is admitted that the amount in controversy relates to merchandise for which no such written order was given.

A question has been raised also relative to a continuing guaranty. After the date of the guaranty, the plaintiff delivered to Noggle Shirt Company merchandise amounting to about $1,600, for which it was paid in full. The defendant claims that the first $1,000 of merchandise, which was paid for, relieved the defendant from his guaranty. In National Bank of Chester County v. Thomas, 220 Pa. 360, it was held: "Whether a contract of guaranty is a continuing undertaking, is a question of intention which must be gathered from the instrument itself, or from the course of dealings between the parties, or from both. If it appears that a future course of dealing for an indefinite time, or a succession of credits to be given is contemplated by the parties, the contract will be construed to be a continuing guaranty."

In Bricker Baking Co. v. Sweigart, 42 Lanc. 201, 202, Judge Landis in his opinion in referring to a running account said: "Whether it was the first lot

of merchandise or the last which was sold on credit makes no difference; but his liability was limited to $400.00."

The letter of August 31, 1931, supra, refers to a line of credit with a personal guaranty of William H. Noggle. The testimony likewise shows a course of dealings between the parties evidencing an intention to consider the contract of guaranty as a continuing undertaking.

For the first reason hereinbefore stated, the court overrules the motion for judgment n. o. v. and discharges the rule for a new trial.

From George Ross Eshleman, Lancaster, Pa.