MERTON R. AUSTIN AND HAROLD W. SCHUYLER, PART-
NERS, DOING BUSINESS UNDER THE TRADE NAME
OF M. R. AUSTIN COMPANY, RESPONDENTS, v. LEO-
POLD LEER, BUILDER, DEFENDANT, AND ERNEST
BELLOCHIO AND MARY BELLOCHIO, OWNERS, DE-
FENDANTS-APPELLANTS.

Submitted November 6, 1924—Decided January 20, 1925.

1. The Mechanics' Lien law (*Comp. Stat., p.* 3291) clearly con-
templates that where land of an owner, who is not the builder, is
sought to be made liable for materials and labor entering into
the construction of any building thereon, such liability is predi-
cated upon a mechanics' lien filed in the office of the clerk of
the county where the lands lie, and can only be enforced by a
suit brought thereon.
2. Section 18 of the Mechanics' Lien law (*Comp. Stat., p.* 3305)
makes it necessary in a suit brought to enforce a lien, that the
clerk endorse upon the lien claim the time of issuing the sum-
mons, and it is a necessary preliminary to the bringing of such
suit that a lien claim shall have been filed in the manner and
within the time prescribed by the act.

On appeal from the District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellants, *Seufert & Elmore.*

For the respondents, *Nicholas J. Cafarelli.*

The opinion of the court was delivered by

LLOYD, J.    An action was brought in the District Court
of the Third Judicial District of Bergen county by Austin
& Schuyler, trading, &c., to recover a general judgment
against Leopold Leer, builder, and a special judgment against
Ernest Bellochio and Mary Bellochio, as owners, on a
mechanics' lien.    The single question involved is whether
suit could be maintained and judgment obtained against the
owners of the land on a suit instituted before the filing of

the mechanics' lien in the office of the county clerk. When the plaintiffs' case was closed it appeared from the proofs produced that the suit was instituted on the 25th day of January, 1924, and the mechanics' lien was filed on the 26th day of January, 1924. Defendants then moved for a nonsuit on the ground that the suit was brought before the lien claim was filed. This was followed at the conclusion of the case by defendants' motion for a judgment in their favor. Both motions were denied, and this action of the court is assigned as grounds for reversal.

The Mechanics' Lien law (*Comp. Stat., p.* 3291), in our opinion, clearly contemplates that where the land of an owner who is not the builder is sought to be made liable for materials and labor entering into the construction of any building thereon, such liability is predicated upon a mechanics' lien filed in the clerk's office of the county where the lands lie, and can only be enforced by suit brought thereon.

Section 1 of the act prescribes that every building thereafter erected shall be liable for the payment of any debt contracted and owing to any person for labor performed or materials furnished for the erection and construction thereof, which debt shall be a lien on such building. While the effect of this section is under our decisions, to create a lien from the commencement of the construction of the building, it ceases to be such unless the steps necessary to make it effective are pursued. These steps are set forth in the procedure provision of the act.

Section 18 prescribes "that no debt shall be a lien by virtue of the act unless a lien claim is filed within four months from the date of the last work done or materials furnished for which such debt is due; nor shall any lien be enforced by virtue of this act unless the summons in the suit for that purpose shall be issued within four months from the date of the last work done or materials furnished in such claim; and the time of issuing such summons shall be endorsed on the claim by the clerk upon the sealing thereof, and if no such entry be made within four months from such date * * * such lien shall be discharged." In *Wheeler*

v. *Almond,* 46 *N. J. L.* 161, the Court of Errors and Appeals held that failure to endorse on the lien claim the date of issuance of the summons was fatal to the claim, and that such failure could not be cured by amendment.

Section 19 permits amendment of lien claims at any time before judgment on the lien claim.

Section 31 provides that such land and building may be discharged from any lien created by this act—(1) by payment and receipt therefor; (2) by payment to the county clerk; (3) by expiration of the time limit for issuing a summons on such lien claim, without any summons being issued or *without notice thereof endorsed on said claim.* From the language of this last paragraph, not only is the importance of the endorsement emphasized, but the summons itself is characterized as being on such lien claim, and that the words "lien claim" means a claim filed of record, and not the lien which potentially exists at the inception of the building construction, is apparent by the last phrase referring to the endorsement being on *"said"* claim.

That the action is predicated upon and controlled by the lien is also indicated by the decision of the Court of Errors and Appeals in the case of *Bement et al.* v. *Trenton Locomotive and Machine Manufacturing Co.,* 32 *N. J. L.* 513. The question under consideration was the right of the claimant to prove work done and material furnished within one year before commencement of the suit, whereas the lien claim filed specified an earlier date for the termination of the work. It was held that the lien claim as filed controlled, and that such evidence was inadmissible.

All these provisions and the decisions thereunder seem to contemplate an action to enforce the lien claim filed and not an action to enforce an inchoate right relating back to the time of commencement of the building. That this is the correct interpretation of the act is strongly fortified by the fact that the practice of the bar has been uniformly to commence the action only after the filing of the claim, and that this appears to be the first time the courts have been called upon to sanction a contrary course.

The result we reach is that the motions for nonsuit and for judgment in favor of the defendants should have been granted.

The judgment is reversed and a *venire de novo* is awarded.