## Indemnity Exchange of America, Appellant, *v.* Security Mutual Casualty Co.

*Contracts—Written contract—Courts cannot make new contracts for parties—Insurance policy.*

1. A contract must be construed as it is written.

2. Even though a contract, as written, is inequitable, the courts have no right to make a new one for the parties.

Argued April 14, 1927.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

Appeal, No. 154, Jan. T., 1927, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1926, No. 1234, for defendant on question of law raised by affidavit of defense, in case of Indemnity Exchange of America, by the American Indemnity Corporation, attorney-in-fact, v. Security Mutual Casualty Co.   Affirmed.

Assumpsit on accident insurance policies.   Before Ferguson, J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on question of law raised by affidavit of defense.   Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Morton Z. Paul,* for appellant, cited: McKeesport Machine Co. v. Ins. Co., 173 Pa. 53; Wilson v. Ins. Co., 174 Pa. 554; Cumberland Val. Mut. Protection Co. v. Mitchell, 48 Pa. 374; Mills v. Ins. Co., 57 Pa. Superior Ct. 483.

*Henry Spalding,* with him *Edward W. Fell,* for appellee, cited: London & Lancashire Fire Ins. Co. v. Fire Ins. Co., 105 Pa. 424.

OPINION BY MR. JUSTICE SIMPSON, May 9, 1927:

Plaintiff is engaged in the business of insuring owners of automobiles from liability growing out of the operation of their cars. Desiring to partially reinsure its risks, it entered into a contract of reinsurance with defendant, which provided that the liability of the latter should extend from April 1, 1924, to March 31, 1925, and should cover all losses for which plaintiff became liable, "in excess of $5,000 as respects one person and $10,000 as respects one accident,......on all policies, renewals, binders, endorsements or agreements issued" by plaintiff during that year.

In this suit, plaintiff seeks to recover the excess loss on two policies issued before April 1, 1924, because the accidents occurred after that date. The court below held that defendant was not liable therefor, and plaintiff's counsel frankly admits this is so, unless two amendments to the contract, made long after it went into effect, extended defendant's liability sufficiently to cover these accidents.

The first of the amendments specifies: "It is hereby understood and agreed that, for the purposes of the reinsurance......the net annual premiums......shall be determined by taking the unearned premium of [plaintiff] as of the inception date of this contract, add thereto the premiums written during the term of the contract, less cancellations and return premiums, and, from the total of these two sums, deduct the unearned premium

reserve in force at the expiration or termination of this contract, and the premium rate shall be applied to the net result of this calculation. The effective date of this endorsement shall be April 1, 1924." It will be noticed that nothing therein set forth expresses an intention to extend the reinsurance to policies issued before April 1, 1924.

The second of those amendments directs that a portion of section 16 of the original agreement be eliminated, and other provisions substituted therefor, so as to make the section read as follows: "This contract shall take effect at and from 12:01 A. M., April 1, 1924, and shall remain in full force and effect until cancelled by either party giving ninety days notice in writing to the other, stating when thereafter cancellation shall be effective. *It is understood and agreed that on the expiration or termination of the contract to which this endorsement is attached, and of which it forms a part, that the liability of the reinsurer on all policies written during the currency of the reinsurance shall immediately terminate and the reinsurer shall be relieved of all further liability for loss, except such loss as may arise out of events occurring during the currency of the reinsurance.* The reinsurer may, however, cancel this contract absolutely, on five days' notice for nonpayment of premiums due." The italicized words are those substituted by the amendment.

It is clear here, also, that this amendment does not make defendant liable for losses under policies written prior to April 1, 1924, even if we ignore the fact that the section was primarily intended to apply to a cancellation of the contract, which never occurred. If the language used had been limited to a statement that the reinsurer should be liable for such loss as might arise out of events occurring during the currency of the reinsurance, plaintiff's contention could be sustained. This is not said, however; but only that the liability of defendant, on the expiration or termination of the con-

tract, shall end even as to the "policies written during the currency of the reinsurance," except for such loss as "may arise out of events occurring during the currency of the insurance," thereby simply providing that liability, as to policies written during the currency of the reinsurance, should continue even though the contract had expired or terminated, if the events resulting in the loss occurred before such expiration or termination, and only in that case. As already stated, the two policies referred to were written before the currency of the reinsurance.

It may be, as appellant claims, that the contract is an inequitable one, but this would not justify the courts in making a new one for the parties (Shafer v. Senseman, 125 Pa. 310), as, in effect, appellant here asks us to do.

The judgment of the court below is affirmed.