Scranton School District, for Use, Appellant, *v.* Casualty and Surety Company of Hartford, Conn.

600

Argued March 5, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, BALDRIGE and GRAFF, JJ.

*David J. Reedy,* and with him *C. A. Battenberg,* for appellant.—Persons dealing with a school district are bound to know what contract the school district is authorized to make: Roland v. Reading School District, 161 Pa. 102; Brobst v. Reading, 236 Pa. 627.

*Walter W. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellee.—A contract limiting the time during which suit may be brought is not forbidden by any law and is in conflict with any law: North-

western Insurance Company v. Phoenix Oil and Candle Co., 31 Pa. 448; Erie to Use v. Diefendorf, 278 Pa. 31.

OPINION BY BALDRIGE, J., April 18, 1930:

The Scranton School District entered into a written contract, dated July 12, 1927, with the James P. Butterly Steam and Power Equipment Company for the erection and construction of a steam heating plant in one of its public schools.

By virtue of the Act of Assembly, approved May 6, 1925, P. L. 546, the School District required the Butterly Company to furnish a surety bond for the protection of labor and materialmen. The bond was furnished, bearing date July 12, 1927.

Warren, Webster and Company, the use plaintiff, brought this action in assumpsit, based on the bond, to recover the sum of $1,855.41, with interest, from September 1, 1927, for merchandise and materials furnished to J. P. Butterly and Company. The bond contained a condition as follows: ''Provided, however, that no suit, action or proceeding by reason of any default whatever shall be brought on this bond after six months from the day on which the final payment under the contract falls due.'' The final payment became due and was made on January 23, 1928. Suit was instituted on January 10, 1929, almost one year after the final payment became due and was made, and almost six months after expiration of the period for bringing suits under the condition in the bond. The appellant seeks to avoid the operation of the limitation imposed by the bond on the theory that the municipality had no authority to prescribe any limitation of action because the statute is silent as to the terms and conditions of the required bond.

Dillon in his work on Municipal Corporations, Vol. 2, Sec. 830, page 1263, states: ''A statutory requirement that the city shall take a bond from the contractor for its protection is to be regarded as manda-

tory and must as a usual thing be complied with. But when the statute merely requires that a bond shall be given and makes no provision as to the amount of the bond or its form or conditions, the regulation of such matters is left to the discretion of the officers representing the municipality.''

.The apparent purpose of the Act of 1925, supra,. was to afford protection to labor and materialmen by requiring a bond for their use in lieu of the right to file a mechanics' lien as exists in the case of private improvements.

Under our Mechanics' Lien Act of June 4, 1901, P. L. 431, Sec. 2, ''no. lien shall be filed for labor or material furnished for purely public purposes.'' Section 10 provides: ''In the case of tenancies or leasehold estates, of alterations and repairs, and of fitting up or equipping old structures with machinery, gearing, boilers, engines, cars or other useful appliances, the claim must be filed in the court of common pleas of the county or counties in which the structure or other improvement is situate, within three months after the claimant's contract or agreement is completed; and in all other cases, within six months thereafter; and when filed, it shall be entered and indexed in the mechanics' lien docket.''

The Commonwealth of Pennsylvania under the Act of May 16, 1921, P. L. 650, limits the sub-contractors and materialmen to a period of six months in which to bring suits for material furnished in the construction of highways. The Commonwealth has six months in which to bring a suit and if it fails so to do, then the person or persons supplying the contractor with labor or materials are authorized to bring suit at the expiration of the first six months which would. be within one year after performance and final settlement of the contract. Our courts have held this to be a reasonable provision: Commonwealth v. Piel Con-

struction Co., 284 Pa. 64. Limitations of this character have been recognized as reasonable in other jurisdictions: Austin v. Leer, 127 Atl. 161; City of St. Louis v. VonPhul, 34 S. W. 843.

The United States provides a similar period of six months in which persons supplying a contractor with labor and materials may bring suit upon the surety bond: Acts of August 13, 1894, c. 280, 28 Statutes 278; February 24, 1905, c. 778, 33 Statutes 811; Barnes' Federal Code, Section 6285; United States ex rel. Texas Portland Cement Co. v. McCord, 233 U. S. 157.

There appears to be ample authority to justify the conclusion that a reasonable limitation of the time within which an action must be instituted is enforceable; otherwise, a surety in a bond under seal, as this one, could be held liable for an indefinite period as there would be no limitation as to the time an action could be instituted. It does not seem to be too harsh to provide that the rights and obligations of parties to a bond may be determined by its own terms, providing, of course, that they are not unreasonable. A sub-contractor relying upon the security afforded by such a bond may readily ascertain by inquiry the protection that is afforded him and the period of time in which he may take action to protect himself.

But whether or not the limitation imposed is reasonable or unreasonable, and irrespective of the authority or lack of authority of the School District to agree to it, the fact remains that the condition of the bond, which is the basis of this action, defines the obligations of the surety.

In Northwestern Insurance Co. v. Phoenix Oil & Candle Company, 31 Pa. 448, the court said, in referring to a limitation in a contract that no suit should be sustained thereunder unless commenced within six months after the cause of action had accrued; "Such a contract is forbidden by no law, and is in conflict with none. It accords with the legal maxim, vigilantibus

non dormientibus, etc., and with the principle of statutes of limitation; ...... Statutes of limitation prohibit not the limitation of actions, but the indefinite postponement of them. The law expresses its willingness to decide controversies, if applied to in a given time; but it does not prohibit parties from limiting themselves, in their contracts, to less time. It was always law, that parties might contract to renounce privileges allowed them by law; and such renunciation is binding on them.'' To the same effect is Larrabee, Receiver, v. The Title Guaranty & Surety Co., 250 Pa. 135; Erie, to use, v. Diefendorf, 278 Pa. 31; Shafer v. Senseman, 125 Pa. 310; Warner Gear Co. v. Bergdoll, 253 Pa. 164; Corona Coal & Coke Co. v. Dickinson, 261 Pa. 589; Indemnity Exchange of America v. Security Mutual Casualty Co., 289 Pa. 426; Reading School District, to use, v. New Amsterdam Casualty Co., 98 Pa. Superior Ct. 221. The rights of this use plaintiff must, therefore, be adjudicated under the instruments upon which it sues.

As this contract does not contravene any principle of public policy or of law, it follows that the plaintiff is bound by its provisions and it had no right of action against this defendant at the expiration of six months after the final payment under the original contract. The learned court below very properly discharged the rule for judgment for want of a sufficient affidavit of defense.

Judgment of the lower court is affirmed.