## Hagerstown Paint and Glass Co. v. Hill

*Edmund C. Wingerd, Jr.* and *William R. Mark*, for plaintiff.

*Edwin D. Strite, Jr.*, for defendants.

DEPUY, P. J., April 21, 1958.—Plaintiff, a Maryland corporation, caused a summons to issue on June 5, 1956, and on March 16, 1957, filed its complaint against both defendants, alleging that defendant, Hill and Ivins, was the general contractor for construction of the Warfordsburg Elementary School for the Southern Fulton County School Authority, organized

under the Pennsylvania Municipality Authorities Act of May 2, 1945, P. L. 382, and that Hill and Ivins had purchased from the other defendant, Fidelity and Casualty Company of New York, a surety bond to protect labor and materialmen, a copy of the bond being annexed to the complaint. The complaint further averred that Hill and Ivins subcontracted with a partnership, Kerns, Leonard & Gobin, for the masonry work of the building, that the said masonry firm by oral contract purchased from plaintiff the materials enumerated in an inventory attached to the complaint and agreed to pay plaintiff for the same in installments, the final payment to be made when the account of the said masonry firm had been finally paid by Hill and Ivins, that plaintiff had furnished materials to Kerns, Leonard & Gobin at the prices listed, but that plaintiff on or about January 16, 1956, was informed by Hill and Ivins that the latter firm would make no further payments to Kerns, Leonard & Gobin, there being still a balance of $1,063.38 unpaid upon the account of plaintiff with the Kerns firm. The complaint recites that plaintiff demanded payment of the said balance from the said Kerns, Leonard & Gobin but had not received payment and that on February 13, 1956, plaintiff demanded payment of said balance from defendant, Fidelity and Casualty Company of New York, but the latter company has likewise refused to pay the same.

Defendants filed a single set of preliminary objections to the complaint and assigned the following reasons:

1. That plaintiff cannot maintain the action as captioned because under the statute and in accordance with the bond, suit must be brought in the name of the bond obligee, Southern Fulton County School Authority, to the use of the real party in interest.

2. That the complaint fails to set forth a cause of action because it makes no averment of the written 90-day notice which is required by the authorities' statute and by the terms of paragraph 3 of the bond.

3. That the complaint fails to set forth a cause of action because it does not aver, as required by the statute and the terms of the bond, that the suit was brought within one year after the principal ceased work on the contract.

At the outset it is well to have in mind section 10 of the Municipality Authorities Act of May 2, 1945, P. L. 382, 53 PS §312, which reads as follows:

". . . No contract shall be entered into for construction or improvement or repair of any project or portion thereof, unless the contractor shall give an undertaking with a sufficient surety or sureties approved by the Authority, and in an amount fixed by the Authority, for the faithful performance of the contract. All such contracts shall provide among other things that the person or corporation entering into such contract with the Authority will pay for all materials furnished and services rendered for the performance of the contract, and that any person or corporation furnishing such materials or rendering such services may maintain an action to recover for the same against the obligor in the undertaking, as though such person or corporation was named therein, provided the action is brought within one year after the time the cause of action accrued."

Defendant's first objection, that the suit should have been brought by the Southern Fulton County School Authority to the use of Hagerstown Paint and Glass Company, is based upon a section of the bond which reads as follows:

"2. Every person . . . which . . . has furnished equipment, machinery or material . . . or services . . .

may sue on this bond in the name of the obligee in his, their or its use. . . ."

It is conceded in defendant's brief that the statute contains no provision requiring the bringing of a use suit. The statute says that any person furnishing materials or services "may maintain an action to recover for the same against obligor". By the statute a materialman is a third party beneficiary and can sue directly upon the bond. We do not consider that the presence of contrary language in the terms of the bond would be binding upon a materialman who brings suit. He could elect to sue under the statute as the present plaintiff has done, or to sue according to the bond in the style of a use plaintiff. We cannot sustain the first preliminary objection.

In considering the second objection we note that the bond provides at paragraph 3:

"No suit shall be commenced hereon by any claimant unless claimant shall have given written notice to any two of the principal, obligee, or surety above named, within 90 days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which claim is made."

Other details as to the character and service of the notice called for are set forth.

Defendants' brief has conceded that the Municipality Authorities Act contains no provision that would require a written notice of claim. If defendants are correct in their objection concerning plaintiff's failure to plead written notice, they must rely upon the language of the bond just quoted. Will the courts give effect to such a contract requirement of notice where the relevant statute, as here, contains no such condition?

Plaintiff contends for and relies upon a legal principle thus stated:

". . . where a contract is made in contemplation of a state law or of a particular statute such law forms a part of the contract, whether or not incorporated therein, and the contract will be construed in the light thereof," citing 17 C. J. S. 784, §330; Schenley Farms Company v. Allegheny County, 349 Pa. 637.

The principle is sound but does it control defendants' situation? Plaintiff on the contrary asserts that the provision of the bond involved in this case, which calls for a written notice of claim to be given within 90 days, is beyond the language of the Pennsylvania Municipality Authorities Act and therefore amounts to surplusage and is of no effect.

In our view the rule contended for by plaintiff is a sound one in any situation where a contract or bond might be found to contain provisions inconsistent with the applicable statute. Where, however, the contract contains provisions that are in addition to and beyond any matters fairly dealt with in the statute and do not in terms negative the statutory language, we consider that such additional provisions of the contract are not in conflict with the statute and should be recognized as valid.

In the present matter we have a statute which does contain a brief provision with regard to a one-year limitation of action and making no reference to any more prompt notice. Is the provision in the bond requiring an early notice within 90 days after the last materials were furnished inconsistent with the statute?

We think not. A basic principle of our law is freedom of contract. This cannot be negatived except by clear statutory intent, aptly expressed. The bonding company is entitled, we think, to limit its liability to the extent of inserting the bond provision intended to bring about prompt notice of an intended claim so that the bonding company can get busy early, in case

of contractor trouble, ascertain its liabilities and take timely measures to see that materialmen and labor are paid the sums due. The fact that plaintiff is a third party beneficiary does not exclude his taking care to examine the terms of both law and bond before furnishing materials for the job. We do not consider our holding is inconsistent with the bond provision which states at paragraph 2:

". . . Recovery by any party hereunder shall be subject to the provisions of Article 10A of the Municipality Authorities Act of 1945, P. L. 382, of the Commonwealth of Pennsylvania, as amended, to the same extent as if said statutory provisions were fully incorporated in this bond."

Defendants' second objection is sustained.

Defendants in their third preliminary objection contend that the complaint is defective as not setting forth a cause of action in that there is no averment that the suit was brought within one year following the date when the principal ceased work on the contract. The solution of this problem must be based either upon the statute below quoted, or upon the provision of the bond:

"3. No suit shall be commenced hereon by any claimant (b) after the expiration of one year following the date on whch principal ceased work on said contract."

This provision of the bond is similar to, but not identical with, the provision in the statute.

The authorities statute reads: ". . . provided the action is brought within one year from the time the cause of action accrued".

We hold that an averment by plaintiff as to the time when "the cause of action accrued" is a necessary condition precedent to his maintenance of the suit as against the subcontractor or against Hill and Ivins, or else an averment under Pa. R. C. P. 1019(c) to

the effect that all conditions precedent of the contract have been performed. Inasmuch as the complaint sets forth neither averment, we find it to be defective.

Likewise we find the complaint defective as against defendant Casualty Company for the reason that there is no averment stating when the "complete performance" and "final settlement" took place, nor any averment under Pa. R. C. P. 1019(c).

The three preliminary objections pleaded have been considered and disposed of. Defendants, however, have added a fourth objection. Plaintiff does not oppose its consideration. Pa. R. C. P. 1028(b) requires that all preliminary objections be raised at one time. But it has been held that this rule does not prevent the allowance by the court of an amendment, stating new grounds, to preliminary objections before argument or decision: Ehrhardt v. Packard Motor Car Co., Inc., 7 D. & C. 2d 233. We consider the preliminary objections as amended to include the following objection.

Defendants' fourth objection asserts that the present suit cannot be maintained for the reason that the only court having jurisdiction is that of the district where the project of work is situated. The bond contains the following provision:

"No suit shall be commenced hereon by any claimant . . . (c) Other than in a state court of competent jurisdiction in and for the county, or in the United States District Court for the district, in which the project is situated, and not elsewhere."

Defendant contends that this contractual language requires the suit to have been brought either in Fulton County where the school project is situated or in the United States District Court.

Plaintiff argues that the language of the bond as quoted is objectionable and of no effect because it is against public policy, that private parties cannot by private agreement oust the jurisdiction of the courts,

citing Rea's Appeal, 13 W. N. C. 546; Healy v. Eastern Building and Loan Association, 17 Pa. Superior Ct. 385; Leggett & Co. v. Carmichael, 6 D. & C. 730. Our examination of the law confirms plaintiff's position. The Municipality Authorities Act contains no provision regulating the question of jurisdiction but the general law has long established that an action in assumpsit is transitory and may be brought wherever the defendant may be found.

Now, April 21, 1958, defendants' preliminary objection numbers two and three are sustained; preliminary objections one and four are dismissed. Plaintiff is allowed 20 days, after service of this order upon counsel, in which to file an amended complaint, failing which plaintiff's suit is dismissed.

Eo die, exception granted to plaintiff and defendants.