273 F.2d 880
 UNITED STATES of America for the Use and Benefit of J. A. EDWARDS & CO., Inc., Plaintiff-Appellant,
v.
PETER REISS CONSTRUCTION CO., Inc., and The Travelers Indemnity Company, Defendants-Appellees, and
Ben B. Greene, Inc., Defendant.
 No. 73.
 Docket 25668.
 United States Court of Appeals Second Circuit.
 Argued November 20, 1959.
 Decided December 16, 1959.
 
 Irving Levine, New York City, for plaintiff-appellant.
 David Morgulas, New York City (M. Carl Levine, Morgulas & Foreman, New York City, on the brief), for defendants-appellees.
 Before MEDINA, MOORE and FRIENDLY, Circuit Judges.
 FRIENDLY, Circuit Judge.
 
 
 1
 The principal question on this appeal concerns the date when the Miller Act, 40 U.S.C.A. § 270b(a), requires notice to be given to a contractor by a material-man who has furnished supplies to a subcontractor pursuant to a series of orders as distinguished from an over-all contract. Judge Bruchhausen, in a reasoned opinion, held the notice was given too late. We agree.
 
 
 2
 The use plaintiff here is the same as in United States for Use and Benefit of J. A. Edwards & Company v. Thompson Construction Corp., 2 Cir., 273 F.2d 873. The subcontractor likewise is the same, Ben B. Greene, Inc. The prime contractor and the contract are different. The contract was for a Nike site at Lido Beach, N. Y. Reiss was the prime contractor and it, as principal, and the Travelers Indemnity Company, as surety, executed the Miller Act payment bond. Reiss employed Greene as electrical subcontractor and Greene in turn ordered various electrical supplies from Edwards.
 
 
 3
 Plaintiff's brief summarizes plaintiff's claim for material furnished the project as indicated in the margin.[1] The brief states that the dates given are billing dates but that these coincide substantially with the delivery dates. Edwards did not have to furnish any specified portion of the electrical supplies; deliveries were made pursuant to individual purchase orders. As Edwards' vice-president testified, "We received orders, not an order."
 
 
 4
 On April 5, 1957 Edwards served a notice on Reiss by certified mail. The notice asserted a claim in the amount of $6,274.44 against Greene for electrical supplies furnished Greene at various times from on or about August 24, 1956 to March 5, 1957, for use in Greene's performance of contract obligations to Reiss for electrical work on the Lido Beach facility.
 
 
 5
 There is no question that the April 5, 1957 letter was proper in tenor. The question is whether it was proper in time. Edwards asserts that since the notice was served within 90 days of the March 5, 1957 delivery of a $15.90 switch, it was "within 90 days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made" and that it relates back to include all the earlier deliveries. Reiss and its surety, of course, deny this.
 
 
 6
 Judge Bruchhausen properly held Edwards' contention untenable. We are not here required to decide whether, when a materialman makes deliveries under a series of purchase orders so that each delivery is within 90 days of its predecessor, a notice given within 90 days of the last order or delivery will relate back to include the entire chain. Judge Zavatt so ruled in United States for Use and Benefit of J. A. Edwards v. Bregman Construction Corp., D.C.E.D.N.Y.1959, 172 F.Supp. 517, but Judge Watkins held the contrary in United States to use of Noland Co. v. Allied Contractors, D.C.D.Md. 1959, 171 F.Supp. 569, which we are advised is now under appeal to the Fourth Circuit. The question here is an easier one. In this case any rights of Edwards to make claim against Reiss and the surety with respect to the deliveries of August, September and October, 1956, ended on January 29, 1957. From that day forward Reiss could have made payments to Greene free from any liability to Edwards under the Miller Act with respect to all these deliveries. Even if the more liberal view were to be taken in cases such as those decided by Judge Zavatt and Judge Watkins, and we by no means intimate that we would do so, it would be wholly inconsistent with the purpose of the notice provision of the Miller Act, as explained in our opinion in the Thompson case, to hold that a shipment made on March 5, 1957, under an order of February 20, 1957, could revive a Miller Act liability long extinguished and thereby place in jeopardy payments properly made by the contractor to the subcontractor in the interval. Our decision in United States for Use and Benefit of P. A. Bourquin & Co. v. Chester Construction Co., 2 Cir., 1939, 104 F.2d 648, in no way supports the plaintiff since that case concerned work done under a contract and not under a series of purchase orders.
 
 
 7
 In the District Court, Edwards relied also on a letter from Greene to Reiss dated January 9, 1957 identical, save for names, contract description and amount, with the letter of the same date from Greene to Thompson which figured in Thompson. For the reasons stated in our opinion in Thompson, plaintiff cannot sustain Miller Act liability of defendants on the basis of this letter.
 
 
 8
 Judgment affirmed.
 
 
 
 Notes:
 
 
 [1]
 
 Exhibit No. Date Invoice No. Amount
 1956
 3 Aug. 24 6824 $8,109.53
 4 Sept. 25 7181 1,576.00
 5 Oct. 8 7338 31.24
 6 " 15 7403 34.40
 7 " 19 7475 686.00
 8 " 24 7522 224.20
 9 " 31 7592 89.00
 1957
 10 Mar. 5 9278 15.90
 __________
 Total amount shipped ..... $10,766.27
 Credit Mar. 1, 1957 ...... 4,491.83
 __________
 Balance due and in suit .. $6,274.44
 __________