Opinion by
Hoeeman, J.,
This was an action in assumpsit brought by a materialman against a general contractor and its surety on a bond. Judgment was entered for the materialman in the lower court. The facts necessary for an understanding of the case may be set out as follows:
Oh or about December 7, 1962, defendant, M.S.I. Corporation, entered into a contract with the Monongahela Area Joint School Authority for the construction of a school building. M.S.I. Corporation, as general contractor, entered into a bond with defendant, American Casualty Company of Reading, Pennsylvania as surety, which guaranteed payment for all labor and material used in construction. The bond included within the definition of “labor and material” the rental of equipment directly applicable to the contract.
M.S.I. Corporation then entered into a contract with one Stanford Kalla to do excavating. Stanford Kalla *538 rented equipment from plaintiff, Barati. Barati was not paid in full and brought suit within one year from the date his equipment was last used against M.S.I. Corporation and the American Casualty Company.
The bond in question contained a requirement that a claimant not having dealings with the principal and seeking to recover under the bond must give written notice within ninety days of the last date on which he performed work or furnished material for which the claim was made. This notice must be given to any two of the three following persons: the principal, the owner or the surety.
It is admitted that plaintiff did not give the required ninety days notice. Plaintiff contends, however, that he was not required to give notice because the Municipal Authorities Act of May 2, 1945 (53 P.S. 312), governs all such actions and permits him to bring suit within one year. He argues that the surety required something more restrictive, i.e., notice, and that this conflicted with the above statute. The lower court, therefore, correctly stated the relevant question to be “whether the 90 day notice requirement in the bond conflicts with the statute which allowed plaintiff a period of one year within which to bring suit on the bond.”
The statute, in pertinent part, provides: “No contract shall be entered into for construction or improvement or repair of any project or portion thereof, unless the contractor shall give an undertaking with a sufficient surety or sureties approved by the Authority, and in an amount fixed by the Authority, for the faithful performance of the contract. All such contracts shall provide among other things that the person or corporation entering into such contract with the Authority will pay for all materials furnished and services rendered for the performance of the contract, and that any *539 person or corporation furnishing such materials or rendering such services may maintain an action to recover for the same against the obligor in the undertaking, as though such person or corporation was named therein, provided the action is brought within one year after the time the cause of action accrued.'” (Emphasis added)
The lower court, in entering judgment for the plaintiff, held that the surety’s inclusion of the 90 day notice provision in the bond conflicted with the intent of the above Act setting a one year period for bringing suit.
The only reported opinion in Pennsylvania on this point is Hagerstown Paint and Glass Co. v. Hilly 18 Pa. D. & C. 2d 521 (1958). There, as in the instant case, a material supplier to a subcontractor on a school project brought suit against the general contractor and its surety on a labor and material bond. The bond contained an identical provision that the subcontractor give notice to two of three persons within ninety days. The plaintiff argued that the Municipal Authorities Act contained no such requirement and allowed one year within which to bring suit. The Court of Common Pleas of Franklin County, in a carefully-reasoned opinion, held that so long as the contractual provision does not negate the statutory intent, the additional provisions of the contract should be recognized as valid. We agree.
The plaintiff relies on the following quote from Corpus Juris Secundum: “. . . where a contract is made in contemplation of a state law, or of a particular statute, such law forms a part of the contract, whether or not incorporated therein, and the contract will be construed in the light thereof.” 17A C.J.S. Contracts §330.
This principle does not control our case, however. The bond in question did conform to the statute and *540 did contain a provision allowing such action to be brought for one full year. The fact that the bond adds a preliminary notice requirement does not otherwise shorten the period within which such actions may be brought. As will be further demonstrated in this opinion, a notice requirement is reasonable and in conformance with our statutory provisions. There is nothing in the ninety day notice provision which conflicts with the one year limitations period, nor do the statutory provisions state that no further provisions may be included in the bond. Indeed, the statute specifically states that “All such contracts shall provide among other things. . . .” (Emphasis added)
Reference should also be made to Scranton School District v. Casualty and Surety Company of Hartford, 98 Pa. Superior Ct. 599 (1930), which, though not directly on point, contains significant reasoning. In that case, the bond contained a condition that no suit or action could be brought after six months. The statute involved in that case made no mention of the conditions of the bond. Suit was brought by a material supplier almost one year after final payment became due. In holding that the material supplier was bound by the provisions of the bond, we stated :
“There appears to be ample authority to justify the conclusion that a reasonable limitation of the time within which an action must be instituted is enforceable; otherwise, a surety in a bond under seal, as this one, could be held liable for an indefinite period as there would be no limitation as to the time an action could be instituted. It does not seem to be too harsh to provide that the rights and obligations of parties to a bond may be determined by its own terms, providing, of course, that they are not unreasonable. A subcontractor relying upon the security afforded by such a bond may readily ascertain by inquiry the protection *541 that is afforded him and the period of time in which he may take action to protect himself.” (Emphasis in original) at 603.
The appellee points out the obvious distinguishing characteristic of the Scranton ease in that the statute there made no mention of any time limit. The appellee, however, fails to recognize the broader implications of the Scranton case. The bond, in that case, in effect, replaced the standard statute of limitations, which would otherwise have been in effect, with a six-month limitation period. Our test in determining the validity of the restriction was its reasonableness, and we found the limitation to be reasonable.
Our final question for consideration, therefore, must be to determine whether the ninety day notice provision is unreasonable. One test employed in the Scranton case in determining the reasonableness of a bond provision was whether there were comparable statutory requirements.
The Act of June 22, 1931, P. L. 881, §4, 53 P.S. 1296, dealing with construction in which the Commonwealth is involved specifically provides that the subcontractor shall not have a right of action upon the additional bond unless he gives notice to the contractor or his surety within 90 days from the date of the last labor or supply of material.
Most recently, the Public Works Contractors’ Bond Law of 1967, December 20, 1967, P. L. ,8 P.S. §191-202, which became effective January 19, 1968, and which applies to all public works contracts, reaffirmed this practice by inserting in Section 4(b) a[1] ninety day notice requirement.
Similarly, the requirement of ninety days notice is mandated in federal construction work by the Miller Act, 40 U.S.O.A. 270 B (A).
In short, the requirement of notice is a matter of established public policy under Pennsylvania and fed *542 eral statutes, and its inclusion in the bond was not unreasonable.[1]
Although the problem is a new one in the appellate courts of our Commonwealth, a similar issue was considered by the Municipal Court of Appeals for the District of Columbia in United States Plywood Corporation v. Continental Casualty Company, 157 A. 2d 286 (1960). The Court there stated that: “A stipulation for notice of default is a condition of liability which may always be imposed. The weight of authority holds that where the notice provision is reasonable and is stated as a condition precedent to the right of instituting legal action, failure to observe it will discharge the surety.” Citing Knight & Jillson Co. v. Castle, 172 Ind. 97, 87 N.E. 976, 27 L.R.A., N.S., 573; Levy to Use of Walbrook Mill & Lumber Co. v. Glens Falls Indemnity Company, 210 Md. 265, 123 A. 2d 348; Andes Coop. Dairy Co. v. Commercial Cas. Ins. Co., 207 App. Div. 102, 201 N.Y.S. 664, affirmed 237 N.Y. 622, 143 N.E. 767; Restatement, Security, §136 (1941).
In summary, the requirement of notice is a sensible and necessary provision, one which has been recognized by legislatures and courts. Its purpose, which is to permit general contractors to make payments to subcontractors without fear of subsequent suits by material suppliers who have not made their claims known, is vital for the protection of contractor and surety. The lower tier materialman, on the other hand, has the obligation to inspect the law and bond and is afforded ample opportunity to furnish notice of default. Having failed to comply with the reasonable condition *543 precedent as to notice, the appellee’s claim should not be allowed. For this reason, the judgment on behalf of appellee cannot be sustained.
Judgment reversed and judgment n.o.v. entered for defendants.

 Reference is made by appellee to the fact that here notice is required to two of three persons whereas most statutes only require notice to one person. Having found that the notice provisions are reasonable, we cannot hold that requiring notice to two rather than one person makes them unreasonable.