## Elizabethtown Borough v. Savastio Construction, Inc. (No. 2))

*Edward W. Rothman,* for plaintiff.
*James W. Evans,* for defendant.

BOWMAN, J., April 15, 1970.—This matter is before us on the motion of defendant, New Amsterdam Casualty Company, for summary judgment under Pa. R. C. P. 1035. This same defendant had previously sought a judgment on the pleadings which we denied: Elizabethtown Borough v. Savastio Construction, Inc., 44 D. & C. 2d 596, 89 Dauph. 27 (1968). In that opinion, we set forth the factual background, the provisions of the labor and materialmen's bond in question and the statutory law involved.

Following that opinion, in an effort to produce a pure legal issue unfettered by disputed facts, the parties stipulated certain facts of record and took depositions which have been filed. As the record is now before us on motion for summary judgment, we believe the agreed-to facts and those uncontradicted present a purely legal issue involving two questions:

1. Is the Act of June 22, 1931, P. L. 881, 53 PS §1294, applicable to the labor and materialmen bond in question?

2. If said statute is applicable (section 1295), are its provisions that suit on the bond must be commenced "not later than one (1) year from date of *final settlement* under the said contract" controlling over an inconsistent provision of the bond that suit must be commenced "within one year after the *cause of action* accrued"?

It appears to be undisputed on the record before us that plaintiff filed its suit within one year from date of final settlement under the contract but did not do so within one year after the cause of action accrued. Whether it timely filed suit is thus dependent upon the controlling time limitation for commencement of suit.

In support of its motion, defendant reasons (1) that the Act of 1931, supra, is not applicable; (2) that the pertinent provisions of The Borough Code* requiring labor and materialmen bonds to be obtained incident to public work contracts are silent as to time limitation for suit; and (3) that the bond provisions on this subject must, therefore, control.

We agree with defendant that if the Act of 1931 is not applicable its conclusion is sound and it should be granted summary judgment: Scranton School District, for use v. Casualty and Surety Company of Hartford, Conn., 98 Pa. Superior Ct. 599 (1930); Barati v. M. S.I. Corporation, 212 Pa. Superior Ct. 536 (1968).

We disagree, however, with the foundation of appellant's contention that the Act of 1931 is not applicable. On the contrary, we believe it to be applicable and so indicated in our prior opinion. We said, pages 606, 609:

"Section 1406 of The Borough Code, 53 PS §46406,

---

* Section 1406 of The Borough Code of May 4, 1927. P. L. 519, as re-enacted by the Act of February 1, 1966, P. L. (1965), 1656, 53 PS §46406.

does require boroughs to obtain additional bonds for the protection of labor and materialmen incident to the borough's execution of a public works contract; and this same section prescribes the substantive provisions which are to be incorporated therein. In the language of this section, 'It shall be the duty of every borough' to require the execution and delivery of such a bond incident to a public works contract entered into by the borough.

"Turning to the Act of 1931, section 2 thereof does not speak in terms of the duty of a municipality as defined by the act, which includes boroughs, but provides that *whenever* such a bond is required the persons for whose protection it is given shall have the right to sue thereon; section 3 then provides that all such suits shall be commenced not later than one year after final settlement under the construction contract.

"In our opinion, these two statutes must be read together. The Borough Code provisions impose a duty upon this class of municipality to obtain such a bond, prescribe its coverage and gives the benefited labor and materialmen the right to sue thereon. The Act of 1931, as noted above, imposes no duty upon the municipality to obtain such a bond but rather provides that whenever the law requires such a bond to be furnished the benefited labor and materialmen may sue thereon, and, to this extent, is redundant of The Borough Code. It then further provides, however, for notice of claim and limitation upon the right of suit. These latter provisions are directed towards the rights inter se of the labor and materialmen and those furnishing the bond and do not directly involve the municipality. Since the provisions of the two statutes do not conflict but rather implement each other and The Borough Code does not specifically repeal the Act of 1931 as pertaining to boroughs, these provisions must be read together: Section 62, Statutory Con-

struction Act of May 28, 1937, P. L. 1019, 46 PS §562; Kelly v. City of Philadelphia, 382 Pa. 459 (1955). We, therefore, conclude that the disputed provisions of the Act of 1931 are relevant to the issue here raised."

We would add that not only is the Act of 1931 relevant but that the bond here in question is subject to its provisions as was the public works contract for which it was written.

Having reached this conclusion, there remains only the question of which of the conflicting provisions of the statute and the bond as to limitation of commencement of suit is to prevail?

In our view, the provisions of the statute must prevail as we suggested in our prior opinion in which we reviewed the prevailing case law. Since then, the Superior Court in Barati, while reversing the lower court, spoke with approval of a lower court opinion in Hagerstown Paint and Glass Co. v. Hill, 18 D. & C. 2d 521 (1958), in which we believe the general principle is correctly pronounced, page 525:

"In our view the rule contended for by plaintiff is a sound one in any situation where a contract or bond might be found to contain provisions inconsistent with the applicable statute. Where, however, the contract contains provisions that are in addition to and beyond any matters fairly dealt with in the statute and do not in terms negative the statutory language, we consider that such additional provisions of the contract are not in conflict with the statute and should be recognized as valid."

For the foregoing reasons, we make the following

## ORDER

And now, April 15, 1970, the motion of defendant, New Amsterdam Casualty Company, for summary judgment is hereby denied.