## M. A. Bruder & Sons, Inc. v.
## Hartford Accident & Indemnity Company

*Angelo Skarlatos,* for plaintiff.
*Norman J. White,* for defendant.

SHUGHART, *P.J.,* November 25, 1975—Plaintiff subcontractor has filed a complaint in assumpsit to recover from defendant on a bond issued by defen-

dant as surety for J. C. Orr and Sons, Inc., general contractor, for labor and material supplied under a contract with the General State Authority for the construction of an auditorium and lecture hall at Penn State University. Defendant has filed a preliminary objection in the nature of a demurrer on the ground that plaintiff's action was not timely filed. The portion of the bond relevant to the question raised reads as follows:

"No such suit shall be commenced prior to ninety (90) days from the date upon which the said person . . . furnished equipment or rendered public utility services the last of the material, labor, equipment or public utility services, for which the said claim is made; and *every such suit shall be commenced not later than one (1) year from the date of final settlement with The Authority under the aforesaid contract.*

"Recovery by any persons . . . hereunder shall be *subject to the provisions of the Act of December 20, 1967, P.L. 869, No. 385,* which Act is incorporated herein and made part hereof, as fully and completely as though its provisions were fully and at length herein recited, except that where said Act refers to the Commonwealth of Pennsylvania or a Department thereof it shall be deemed to refer to The General State Authority.'' (Emphasis supplied.)

The Act of December 20, 1967, P.L. 869, is the Public Works Contractors' Bond Law of 1967, 8 P.S. §191, et seq. Section 197(b) of the act requires that any action on a bond issued in accordance therewith must be commenced within "one year from the day on which the last of the labor was performed or material was supplied for the payment of which such action is brought by the claim-

ant." Plaintiff last furnished materials in connection with the construction project on November 23, 1973. The complaint was filed April 1, 1975, well over the one-year statutory limitation period. Defendant contends that the suit is barred by this limitation. Plaintiff, however, contends that the express language in the bond which imposes a different limitation period is controlling and renders the provision in the statute inapplicable. Although it is unclear whether final settlement has been made between J. C. Orr and the General State Authority, Orr submitted an affidavit of final estimated funds due it under the contract on October 2, 1974, for which he, apparently, received payment on April 3, 1975. Therefore, should the conflicting bond provision be held applicable, plaintiff has filed within the limitation period.

The question to be resolved is, which period of limitation applies to plaintiff's action, the provision expressly stated in the bond or the statutory period incorporated in the bond by reference?

We must first consider the validity of the bond provision which, in this instance, would allow plaintiff a longer time for filing his action than does the statutory provision. The purpose of the legislature in setting forth a limitation period is to assure that claimants assert their rights within a reasonable period of time after the cause of action accrues. It would not, therefore, be contrary to statutory intent to allow parties to set their own limitation period, so long as the period is not unreasonable. The statute itself does not prohibit modification of the time period set forth by the parties, and we take the view that the parties are free to modify the statutory period as long as the provisions are reasonable. Generally, parties to a contract are free to

modify a statutory limitation period. See Ins. Co. of North America v. Carnahan, 446 Pa. 48, 284 A.2d 728 (1971); Stewart v. North Carolina Mutual Life Ins. Co., 187 Pa. Superior Ct. 270, 144 A.2d 507 (1958). In Barati v. M.S.I. Corp., 212 Pa. Superior Ct. 536, 243 A.2d 170 (1968), the court, in holding that a 90-day notice requirement in a surety bond issued pursuant to statute was not unreasonable and, therefore, enforceable, quoted from a prior case, at page 540, A.2d 1973:

"It does not seem to be too harsh to provide that the rights and obligations of parties to a bond may be determined by its own terms, providing, of course that they are not unreasonable.": Scranton School Dist. v. Cas. & Surety Co. of Hartford, 98 Pa. Superior Ct. 599 (1930).

If, then, the parties may somewhat *restrict* the right to bring an action as long as they do so reasonably, we see no reason why they should not be permitted to *lengthen* the allowable period for filing an action. We hold, therefore, that the bond provision expressly set forth in the statute is not contrary to statutory intent or public policy and is valid.

Having available two equally valid limitation periods, both of which are stated or incorporated in the bond, we must decide which one controls. Where there is an inconsistency in bond provisions, the bond is to be construed strictly in favor of one intended to benefit by it, and against a corporate suretyin the business of furnishing such bonds:Miller v. Commercial Electric Construction, Inc., 223 Pa. Superior Ct. 216, 297 A.2d 487 (1972); Poole v. Great American Insurance Company, 407 Pa. 652, 182 A.2d 509 (1962). Plaintiff here, as a materialman supplying goods, is among the persons in-

tended to benefit by the bond, and defendant is a corporate surety in the business of supplying such bonds. Construing the bond favorably to plaintiff, we, therefore, hold that the bond provision extending the time available to plaintiff for filing the action controls, and since plaintiff filed within that limitation period, defendant's demurrer must be overruled.

## ORDER

And now, November 25, 1975, defendant's preliminary objection in the nature of a demurrer is overruled and defendant given 20 days to file an answer to the complaint.