## J. M. Lynne Company, Inc. v. P.B.S., Inc.

*Leonard S. Wissow*, for plaintiff.
*J. Shellenberger*, for defendant.

KALISH, *J.*, January 26, 1978—This is submitted on a case stated. P.B.S., Inc., a general contractor, agreed with Coach Inn Associates to construct a

Motor Inn at Fort Washington, Pa. A labor and material payment bond was issued by defendant Hanover Insurance Company (hereinafter referred to as Hanover), naming P.B.S., Inc. as the principal, and Coach Inn Associates and Community Federal Savings and Loan Association as the owners and obligees. P.B.S., Inc. subcontracted certain work to a firm named Atlantic States Uniment, Inc. (hereinafter referred to as Atlantic). Plaintiff, J. M. Lynne Company, Inc. supplied materials to Atlantic pursuant to purchase orders placed by Atlantic on May 10, June 6 and June 28, 1973. Atlantic made partial payment for these purchases about September 17, 1973, in the amount of $2,000 leaving a balance due of $6,218.55.

Atlantic, becoming insolvent, ceased its work on this project in October, 1973. P.B.S., Inc. paid Atlantic in full for the work that it had performed under it subcontract.

On or shortly prior to May 13, 1974, Coach Inn Associates ordered materials from plaintiff. These materials were paid in full by May 13, 1974.

Plaintiff notified P.B.S., Inc. of its claim against Atlantic by writings mailed February 28 and March 14, 1974. Plaintiff notified Community Federal Savings and Loan Association of its claim by letters mailed April 26 and August 9, 1974.

Plaintiff brings this action against P.B.S., Inc. and Hanover Insurance Company on the performance bond.

## DISCUSSION

The material provisions at issue in the present case are contained in section No. 3 of the bond. It provides in part:

"3. No suit or action shall be commenced hereunder by any claimant: (a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, *within ninety (90) days after such claimant did or performed the last of the work or labor or furnished the last of the materials for which said claim is made*, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed."

Plaintiff maintains that proper notice was given within the 90 day period. The last shipment was made by plaintiff on May 13, 1974, and letters setting forth plaintiff's claim were sent to P.B.S., Inc. on February 28 and March 14, 1974, and to Federal Savings and Loan Association on April 26 and August 9, 1974. The language contained in section No. 3 of the bond requires that the notice be sent within 90 days after "such claimant did or performed the last of the work or labor or furnished the *last of the materials for which said claim is made*." (Emphasis supplied.) In the present case the claim is for materials last purchased by Atlantic (subcontractor) in June, 1973. However, the May 13, 1974, purchase was by Coach Inn Associates (owner). This does not serve to revive or keep open plaintiff's claim under the bond *against Atlantic* for the goods it last sold 245 days earlier on June 28, 1973. The delivery to Coach Inn Associates in May, 1974, was not part of any original contract between plaintiff and Atlantic. Cases decided under the Miller Act of August 24, 1935, 49 Stat. 794, as amended, 40 U.S.C.A. §270b, which contains provisions in its bond similar to the present bond, hold that this

notice was well beyond the 90 day period: United States for the use of I. Borack, Inc. v. Sovereign Construction Company, Ltd., 338 F. Supp. 657 (S.D.N.Y. 1972); United States for use of J. A. Edwards & Co., Inc. v. Peter Reiss Construction Co., Inc., 273 F. 2d 880 (2d Cir. 1959), cert. den. 362 U.S. 951 (1960). Generally, these cases have held that where deliveries are made pursuant to a series of purchase orders, notice is required within 90 days of each delivery in order to preserve claims.

Thus, plaintiff's notice was not timely. The purchase in May, 1974, by Coach Inn Associates, a separate party to the original transaction on which the claim is based, cannot extend the 90 day notice requirement.

Plaintiff maintains further that, despite possible improper notice on its part, the 90 day requirement should not be enforced because it is unreasonable, unconscionable and contrary to public policy. Plaintiff relies on Burne v. Franklin Life Insurance Company, 451 Pa. 218, 301 A. 2d 799 (1973). This case involved a life insurance policy which required that in order for accidental death benefits to be payable, the death must occur within 90 days from the date of the accident. The policy concerns and factual considerations are quite different in the present case.

Both the Public Works Contractors' Bond Law of December 20, 1967, P.L. 869, 8 P.S. §§191-202 (which applies to all State public works contracts) and the Miller Act, 40 U.S.C.A. §270b (which covers Federal contracts) contain similar notice provisions. In Barati v. MSI Corporation, 212 Pa. Superior Ct. 536, 542, 243 A. 2d 170 (1963), the Superior Court said:

"In summary, the requirement of notice is a sensible and necessary provision, one which has been recognized by legislatures and courts. Its purpose, which is to permit general contractors to make payments to subcontractors without fear of subsequent suits by material suppliers who have not made their claims known, is vital for the protection of contractor and surety. The lower tier materialman, on the other hand, has the obligation to inspect the law and bond and is afforded ample opportunity to furnish notice of default."

Plaintiff also relies upon Brakeman v. Potomac Insurance Company, 472 Pa. 66, 371 A. 2d 193 (1977), that concluded in order for an insurer to avoid its obligation on the basis of notice provision of a policy, an insurer must prove not only that the notice provision was breached, but also that it suffered prejudice as a consequence. The Brakeman case dealt only with automobile liability insurance. Both the different policy considerations and the different reasons for the respective notice provisions (with auto insurance the need to conduct timely investigation of claims, while in construction bond contracts the need to prevent double payments) make this case inapposite. It should be noted however that, although the principles of Brakeman do not apply, defendant Hanover has clearly shown prejudice as a result of plaintiff's untimely notice by its payment in full for its work under the subcontract of October, 1973, to Atlantic.

In commercial contracts, courts look to see whether the provision is commercially reasonable, i.e., whether the provision bears some reasonable relationship to the risks and needs of the business:

Geldermann and Company v. Lane Processing, Inc., 527 F. 2d 571, 575 (8th Cir. 1975). As the court indicated in Barati, supra, such a provision is common and protects the contractor and surety from the risk of double payments and certainly provides the materialman with ample opportunity to provide a simple notice.

For the above-stated reasons, this court finds that the 90 day notice requirement was reasonable. Plaintiff had an affirmative obligation to investigate the law and the nature of the bond. Therefore, since notice was not given in accordance with the provisions of the bond, and there existed no contractual relationship between P.B.S., Inc. and J. M. Lynne Company, the court finds in favor of all defendants and against plaintiff.

### ORDER

And now, January 26, 1978, the court finds in favor of all defendants.