Peters Township School Authority and Peters Township School District, Appellants *v.* United States Fidelity and Guaranty Company et al., Appellees.

Argued March 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Reed B. Day, Peacock, Keller, Yohe, Day & Ecker,* for appellants.

*Larry A. Silverman, Dickie, McCamey & Chilcote, P.C.,* for appellees.

OPINION BY JUDGE DOYLE, November 15, 1983:

Before this Court is an appeal by the Peters Township School Authority and School District (Appellants) from a decision and order of the Court of Common Pleas of Washington County entering a summary judgment in favor of the United States Fidelity and Guaranty Company (Appellee).

The factual matrix of this case dates back to 1966. At that time, Appellants entered into a contract with the Branna Construction Corporation for the construction of a high school building. Under Section 10 of the Municipality Authorities Act of 1945 (Act), Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §312,[1] Branna presented to Appellants a performance bond with Appellee as surety. Branna later defaulted and failed to complete the project. Appellee, in lieu of paying off the performance bond, elected to find another company willing to complete the work. Thus, in August, 1968, the Jendoco Construction Co. was hired to complete the job. The school building was occupied in 1968 and accepted in 1970. In March of 1977, defects were discovered in the roof which were alleged to constitute roof failure.

In January of 1980, the Authority filed a declaratory judgment action against Appellee and moved for summary judgment on the grounds that, by hiring Jendoco to complete the construction, Appellee's status changed from that of a surety to a general contractor. Appellee, in turn, also moved for summary judgment, averring that Section 10 A of the Act contained a one year statute of limitations which barred Appellants' claim. The court of common pleas rejected both motions on January 22, 1981. As to Appellants' request, the court held that Appellee had done nothing to alter its status as surety by obtaining the services of Jendoco. With respect to Appellee's motion, the court noted that paragraph 4 of the performance bond provided:

---

[1] Section 10 of the Act was repealed subsequent to the issuance of the bond here at issue by the Public Works Contractors' Bond Law of 1967, Act of December 20, 1967, P.L. 869, *as amended,* 8 P.S. §§191-202, to the extent that Section 10 is inconsistent with that legislation.

> In no event shall the Surety be liable for a greater sum than the Penalty of this Bond, or subject to any suit, action or proceeding thereon that is instituted later than ——————.

As the blank in paragraph 4 was never filled in, the court held that there was an outstanding issue of material fact as to what the parties had agreed to, if anything, on the limitations period of the agreement, thus precluding the entry of a summary judgment.

In September of 1980, the Authority also initiated a complaint against Appellee in assumpsit and trespass which was consolidated with a suit instituted by summons on June 22, 1978.[2] Following the denial of their motion for summary judgment in the declaratory judgment action, Appellants requested and were granted leave to amend their complaint in assumpsit and trespass to include a "supplemental agreement" between the parties dated September 14, 1968 which provided, in pertinent part:

> *FIRST.* The Surety shall and does hereby assume responsibility for the performance of all work not completed under the contract, in accordance with the contract as modified by the supplemental agreement.

Appellee meanwhile served requests for admissions upon Appellants in an effort to establish that the date left blank in paragraph 4 of the original agreement was done so inadvertently and that there was no intent between the parties to leave the limitations period of the agreement "open." In response to the request for admissions, the Authority admitted that

---

[2] Hence, Section 5523 of the Judicial Code, 42 Pa. C. S. §5523, which contains a one year statute of limitations for suits against sureties, is not applicable to this matter as it did not become effective until June 27. 1978.

there had been no negotiations on the issue, thereby implying that the omission was inadvertent. Appellee accordingly filed another motion for summary judgment and on June 7, 1982 it was granted with the common pleas court again rejecting Appellants' contention that Appellee was a general contractor and holding that Appellants' suit was barred by the one year statute of limitations contained in Section 10 A of the Act. Exceptions were denied and the appeal to this Court followed.

In their appeal, Appellants assert that the entry of summary judgment was improper because: (1) the one year limitations period in Section 10 A of the Act is applicable only to those providing materials and services and not an obligee under a performance bond; (2) the failure of the parties to insert a date into paragraph 4 of their agreement constituted an outstanding issue of material fact precluding the entry of summary judgment; and (3) the pertinent language of the above referenced supplemental agreement changed the status of the parties from obligee and surety to such an extent that interpretation of the supplemental agreement constituted an outstanding issue of material fact preventing the entry of summary judgment.

A summary judgment may be properly entered only where the moving party has established that there remains no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Adams County v. Department of Public Welfare,* 68 Pa. Commonwealth Ct. 249, 448 A.2d 1202 (1982). In determining whether to enter a summary judgment, a court must view the record in the light most favorable to the non-moving party. *Burd v. Department of Transportation,* 66 Pa. Commonwealth Ct. 129, 443 A.2d 1197 (1982). The moving party's burden to

prove that its right to a summary judgment is clear and free from doubt is a heavy one. *Zeck v. Balsbaugh,* 66 Pa. Commonwealth Ct. 448, 445 A.2d 253 (1982). On appeal of the entry of a summary judgment, the appellate court may reverse the trial court where there has been an error of law, or a clear or manifest abuse of discretion. *See Lened Homes v. Department of Licenses and Inspections of the City of Philadelphia,* 386 Pa. 50, 123 A.2d 406 (1956).

After a careful review of the pleadings and record in this matter, we believe it is clear that the Appellants' contentions that there exist outstanding issues of material fact relative to the status of the parties as obligee and surety are without merit. The supplemental agreement which Appellants proffer as proof that Appellee should be considered a general contractor and subject to a six year statute of limitations[3] as opposed to any other consistently refers to Appellee as ''[s]urety'' and reads, in pertinent part:

> Surety, however, shall and does reserve *any and all rights* that it has or did have prior to the entering of this supplemental agreement and . . . [it] *shall not be construed as a waiver* of any rights it has previously as surety. . . . (Emphasis added.)

Accordingly, we find no error in the trial court's rejection of Appellants' claim that Appellee is now a general contractor for the effective purposes of this action rather than a surety.

With respect to the trial court's construction of Section 10 A of the Act and the effect of the open limitations term in paragraph 4 of the original agreement, however, we believe Appellants do have legiti-

---

[3] *See* Section 1 of the Act of March 27, 1713, 12 P.S. §31, repealed by §2(a)[9] of the Act of April 28, 1978, P.L. 202.

mate cause for contention. Section 10 A reads, in pertinent part:

No contract shall be entered into for construction or improvement or repair of any project or portion thereof, unless the contractor shall give an undertaking with a sufficient surety or sureties approved by the Authority, and in an amount fixed by the Authority, for the faithful performance of the contract. All such contracts shall provide among other things that the person or corporation entering into such contract with the Authority will pay for all materials furnished and services rendered for the performance of the contract, and that any person or corporation furnishing such materials or rendering such services may maintain an action to recover for the same against the obligor in the undertaking, as though such person or corporation was named therein, provided the action is brought within one year after the time the cause of action accrued.

Our reading of Section 10 A is that the one year statute of limitations is discussed exclusively in conjunction with that portion of Section 10 A addressing actions brought to recover the cost of materials and supplies by subcontractors against the prime contractor. It therefore does *not* apply to actions brought by an authority against the surety of a project to recover under the project's general performance bond as in the case at bar.[4] The trial court, in finding that

---

[4] Appellees urge that the general discussion of the Court of Common Pleas of Washington County in *Barati v. M.S.I. Corp.*, 48 Wash. Co. 134 (1964), *rev'd* 212 Pa. Superior Ct. 536, 243 A.2d 170 (1968), should be read to support a conclusion that Section 10 A's one year limitation is applicable whether the action arises under a labor and materials bond or a general performance bond as no attempt was made to draw a distinction between the two. *Barati,*

it does, committed an error of law which necessitates our reversal of its entry of summary judgment and a remand for further proceedings as are appropriate. Because the one year limitation of Section 10 A is not here applicable, it will be necessary as part of these additional proceedings to ascertain what, if any, limitation is controlling for the purposes of this action. While the parties may not have intended to create an open-ended agreement regarding liability, unless evidence is introduced to the contrary they may nonetheless have done so by virtue of their failure to complete paragraph 4 of the original agreement[5] and the lack

---

however, is inapposite to the instant matter, the crucial distinction for our purposes being *who brought the action and for what*, not what type of bond the action was brought under. In *Barati* a material supplier to a subcontractor brought suit against the general contractor and its surety. Section 10 A's limitation was therefore applicable. Here the action is brought by the Authority and is not for the cost of materials or supplies. Section 10 A's limitation is thus not applicable.

[5] Prior to the advent of the Judicial Code, surety agreements were considered sealed instruments or contracts of "specialty," items which were specifically excluded from the general statute of limitations formerly found at 12 P.S. §31. *See* footnote 3 *supra*. Thus, as stated by the Superior Court in *Scranton School District v. Casualty and Insurance of Hartford, Conn.*, 98 Pa. Superior Ct. 599 (1930):

> There appears to be ample atuhority to justify the conclusion that a reasonable limitation of the time within which an action must be instituted is enforceable; *otherwise, a surety in a bond under seal, as this one, could be held liable for an indcfinite period as there would be no limitation as to the time an action could be instituted.* It does not seem to be too harsh to provide that the rights and obligations of parties to a bond may be determined by its own terms, providing, of course, that they are not unreasonable. A sub-contractor relying upon the security afforded by such a bond may readily ascertain by inquiry the protection that is afforded him and the period of time in which he may take action to protect himself.

of an appropriate statutory alternative to be imposed in the stead of the open term in paragraph 4 of the original agreement.[6]

ORDER

Now, November 15, 1983, the decision and order of the Court of Common Pleas of Washington County in the above captioned matter, dated June 7, 1982, is hereby reversed and the matter is remanded for further proceedings as are appropriate. Jurisdiction is relinquished.

---

But whether or not the limitation imposed is reasonable or unreasonable, and irrespective of the authority or lack of authority of the School District to agree to it, *the fact remains that the condition of the bond, which is the basis of this action, defines the obligations of the surety.* (Emphasis added.)

*Id.* at 603. *See also Transbel Investment Co. v. Scott*, 344 Pa. 544, 26 A.2d 205 (1942).

[6] *See* footnote 2 *supra.* Section 5527(6) of the Judicial Code, 42 Pa. C. S. §5527(6), which provides a six year catchall statute of limitations to be imposed in the absence of any other is also precluded from consideration by virtue of the instant action predating the effective date of the Judicial Code.