531 A.2d 573

Automobile Trade Assoc. of Greater Philadelphia, et al., Appellants *v.* City of Philadelphia, Honorable William J. Green, Mayor and Honorable Eugene L. Cliett, Jr., Commissioner of Revenue, Appellees.

Argued February 25, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Alvin J. Ivers, Alvin J. Ivers, P.C.,* for appellants.

*Christine Tomasch Bak,* Chief Assistant City Solicitor, for appellees.

OPINION BY JUDGE PALLADINO, September 24, 1987:

This is an appeal by thirty (30) named automobile dealers in the Philadelphia area and their trade association, Automobile Trade Association of Philadelphia, (collectively Appellants) from an order of the Court of Common Pleas of Philadelphia County (trial court) dismissing Appellants' motion for summary judgment and granting the cross-motion for summary judgment of the City of Philadelphia, the Honorable William J. Green, Mayor, and the Honorable Eugene L. Cliett, Jr., Commissioner of Revenue (Appellees). For the reasons which follow, we affirm.

Appellants filed a complaint in equity in the trial court on November 10, 1982 seeking a declaratory judg-

ment that the Philadelphia Mercantile License Tax[1] (MLT) be declared unconstitutional as violative of Article VIII, Section 1 of the Pennsylvania Constitution, known as the Uniformity Clause.[2] Appellants also sought a refund of the tax paid from 1980 through 1984, totalling $2,300,000.00.

The MLT is an annual tax imposed on all wholesalers, manufacturers and retailers situated in Philadelphia. The rate of the MLT is 5 mills on the gross receipts for all businesses (4 mills for 1981 and 1982). The ordinance, however, provides an alternative method of computation for wholesalers and manufacturers. Wholesalers may elect to compute their tax liability as five percent (5%) of gross profit while manufacturers may elect a four percent (4%) of gross profit rate. No alternative exists for retailers but all three categories of taxpayers may exclude sales outside of Philadelphia. The MLT was repealed, effective July 31, 1984.

Primarily, Appellants argued that the existence of two methods of computation with different tax rates based upon two distinct tax bases makes the MLT non-uniform. In further support of their assertion of non-uniformity, Appellants argued that although all taxpayers may exclude sales outside Philadelphia this exclusion had virtually no benefit to retailers while allowing great reductions in the tax liability of wholesalers and manufacturers.

Appellants are mostly involved in retail sales of automobiles to consumers, but are involved in some transactions at wholesale in new and used automobiles

---

[1] Philadelphia Code 19-1001 *et seq.*, repealed July 31, 1984 by Bill No. 131-A.

[2] "Sec. 1. *Uniformity of taxation.* All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

as well as spare parts. Appellants assert that they have paid the MLT up to and including 1984.

After discovery, Appellants filed a motion for summary judgment with the trial court on June 15, 1984. Attached to the motion were various exhibits which, Appellants argue, demonstrate the lack of uniformity of the MLT.

Appellees opposed the motion and, on August 13, 1984, filed a cross-motion for summary judgment, asserting that the issue of the constitutionality of the MLT is moot and that they were thus entitled to summary judgment as a matter of law.

The motion and cross-motion came on for argument on April 4, 1985 before the Honorable BERNARD J. GOODHEART, judge of the trial court. By orders dated November 21, 1985, Judge GOODHEART denied Appellants' motion and granted Appellees' cross-motion for summary judgment.

On appeal to this court, Appellants assert that their motion for declaratory judgment is not moot. They argue that the MLT was unconstitutional, and that if we apply this decision retroactively, a refund of the taxes paid from 1980-1984 is appropriate. Thus, Appellants contend that we should reverse the grant of summary judgment and either remand to the trial court to proceed on the merits or, in the interests of judicial economy, assume jurisdiction, find the MLT unconstitutional and order a refund of the MLT taxes paid by Appellants from 1980-1984.

Summary judgment may be rendered only if the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. No. 1035; *Sheetz v. Borough of Lansdale,* 64 Pa. Commonwealth Ct. 24, 438 A.2d 1048 (1982). In determining

whether to grant summary judgment, we are bound to view the record in the light most favorable to the non-moving party. *Peters Township School Authority v. United States Fidelity and Guaranty Co.*, 78 Pa. Commonwealth Ct. 365, 467 A.2d 904 (1983). The burden of the moving party, that its right to summary judgment is clear and free from all doubt, is a heavy one. *Id.* On appeal, we may reverse the trial court's grant of summary judgment only if there has been an error of law or a clear and manifest abuse of discretion. *Mancia v. Department of Transportation*, 102 Pa. Commonwealth Ct. 279, 517 A.2d 1381 (1986).

In denying Appellants' motion for summary judgment, the trial court held:

> In the present case, Plaintiffs have not clearly demonstrated the absence of questions of material fact. Questions remain not only as to the actual effect of the classification, but as to the randomness of the data sampling as well. Hence, summary judgment in favor of the Plaintiffs is clearly inappropriate.

*Automobile Trade Association of Greater Philadelphia v. City of Philadelphia*, Pa. D. & C. 3d , (1986). After careful scrutiny of the pleadings and the record in this matter, we find no manifest abuse of discretion in the trial court's finding nor error of law in the application of the summary judgment standard. *Sheetz.* Accordingly, we affirm.

Similarly, we find no manifest abuse of discretion or error of law in the grant of summary judgment to Appellees. The trial court concluded that the repeal of the MLT on July 31, 1984 made Appellants' declaratory judgment action moot. This is clearly accurate in the case of prospective relief, there being no further tax liability subsequent to the date of the repeal.

Thus, to afford Appellants any relief, the trial court would have had to declare an already repealed statute to be unconstitutional, giving that decision retroactive application in order to award a refund of taxes paid. The trial court, citing equitable principles, concluded that retroactive relief is discretionary and that it would not be appropriate to award a refund of taxes in this matter. Therefore, since it concluded that no relief was available to Appellants, the trial court declined to reach the issue of constitutionality.[3]

Essential to our affirmation of the trial court's order is a determination that a retroactive application of a conclusion that the MLT is unconstitutional is discretionary rather than mandatory and based upon the exigencies of each case.

"Where a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Cipriano v. City of Houma,* 395 U.S. 701, 704 (1969) (citation omitted). Further, in reviewing the doctrine of non-retroactivity, the U.S. Supreme Court has stated:

Our holdings in recent years have emphasized that the effect of a given constitutional ruling on prior conduct 'is subject to no set "principle of absolute retroactive invalidity" but depends upon a consideration of "particular relations . . . and particular conduct . . . of rights claimed to have become vested, of status, of prior determinations deemed to have finality"; and "of public policy in the light of the nature both of the statute and of its previous application." '

---

[3] It is well-settled that a court should not decide a constitutional question unless it is absolutely required to do so. *Shuman v. Bernie's Drug Concessions, Inc.,* 409 Pa. 539, 187 A.2d 660 (1963).

*Lemon v. Kurtzman,* 411 U.S. 192, 197 (1973) (citations omitted). (Lemon II). We find no error of law in the trial court's decision that retroactive relief is discretionary.

The trial court thoroughly evaluated the facts and the law, concluding that Appellees relied on a well-settled prior state of law, that the monies in question had long since been expended on city services and that the refund of taxes collected under the MLT, a presumptively valid ordinance, would cause severe financial hardship to the City. The trial court exercised its discretion to grant summary judgment on the principle that even if the MLT was declared unconstitutional, no relief would be granted to Appellants in the way of a tax refund.

We cannot agree with Appellants' assertion that $2,300,000 is a trivial sum to a City the size of Philadelphia and that the trial court manifestly abused its discretion by granting summary judgment. Finding no abuse of discretion or error of law, we affirm the order of the trial court granting summary judgment to Appellees and dismissing Appellants' declaratory judgment action.

## ORDER

AND NOW, September 24, 1987, the orders of the Court of Common Pleas of Philadelphia County in the above-captioned matter denying Appellants' motion for summary judgment and granting Appellees' cross-motions for summary judgment are hereby affirmed.

Judge COLINS dissents.

---

DISSENTING OPINION BY JUDGE DOYLE:

I dissent from that part of the majority opinion that affirms the trial court's decision to grant summary judgment to the Appellees.

Judge MACPHAIL joins in this dissent.