596 A.2d 794

**AUTOMOBILE TRADE ASSOCIATION OF GREATER PHILADELPHIA, et al., Appellants,**

v.

**CITY OF PHILADELPHIA, et al., Appellees.**

Supreme Court of Pennsylvania.

Argued Sept. 28, 1988.

Resubmitted Feb. 13, 1991.[1]

Decided Aug. 14, 1991.

---

1. In addition to the original briefs and the briefs filed upon resubmission of this matter following the Court's Order of February 13, 1991, we have given due consideration to all supplemental briefs and other post-submission communications filed by the parties.

234

Richard L. Berkman, Arthur S. Gabinet, Dechert, Price & Rhoads, Andrew L. Frey, Kenneth S. Geller, Mayer, Brown & Platt, Robert Digges, Jr., Daniel R. Barney, ATA Litigation Center, for appellants at No. 19 and appellees at Nos. 11 & 12.

Alvin J. Ivers, for appellants at No. 102.

John G. Knorr, III, Andrew S. Gordon, Allen C. Warshaw, Atty. Gen.'s Office, for all appellants and appellees at No. 19.

Seymour Kurland, City Sol., Christine T. Bak, Chief Asst. City Sol., for appellees at No. 102.

Frank A. Sinon, Sherill T. Moyer, K. Michael O'Connell, for Owner–Operators Independent Drivers Ass'n of America, Inc., and William Harwell at Nos. 11, 12 & 19.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

ZAPPALA, Justice.

The appellants, automobile dealers and their trade association, sought a declaratory judgment and refunds of taxes paid, asserting that the Philadelphia Mercantile License Tax was unconstitutional for failure to meet the uniformity requirement of Article 8, Section 1 of the Pennsylvania Constitution. While the matter was pending, the tax was repealed. The Court of Common Pleas granted summary judgment in favor of the City as to the claim for declaratory relief on the grounds of mootness. The court also granted the City summary judgment on the claims for refunds. Considering the grant of retroactive relief to be discretion-

ary, the court determined that even if it found the statute unconstitutional it would not award such relief. On this basis, the court avoided deciding the question of the constitutionality of the tax ordinance. Using the same reasoning, Commonwealth Court affirmed 109 Pa.Cmwlth. 524, 531 A.2d 573. We granted allocatur and consolidated this case for argument with *American Trucking Associations v. Scheiner* (decided this same day *sub nom., American Trucking Associations, Inc. v. McNulty,* 528 Pa. 212, 596 A.2d 784), which was before us on remand from the United States Supreme Court, for further proceedings to consider whether that Court's ruling in *Scheiner* should be applied retroactively.

In the October 1989 Term, the United States Supreme Court decided two cases in which states had refused to issue refunds of taxes paid pursuant to statutes determined to be unconstitutional. In *American Trucking Associations v. Smith,* 496 U.S. 167, 110 S.Ct. 2323, 110 L.Ed.2d 148 (1990), the Court by plurality opinion with one justice concurring in the judgment, affirmed the denial of refunds. However, in *McKesson Corporation v. Division of Alcoholic Beverages and Tobacco, Department of Business Regulation of Florida,* 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), decided the same day as *Smith,* a unanimous court reversed the denial of refunds and held that due process "obligate[d] the state to provide meaningful backward-looking relief to rectify any unconstitutional deprivation." *Id.* at 31, 110 S.Ct. at 2247.

In *American Trucking Associations v. McNulty,* 528 Pa. 212, 596 A.2d 784 (1991), we have analyzed at length the Opinions in *Smith,* and following the reasoning of the plurality have determined to give purely prospective effect to that Court's decision in *Scheiner* holding Pennsylvania's Axle Tax unconstitutional under the Commerce Clause. Inasmuch as *McNulty* involved precisely the same type of tax as was at issue in *Smith,* we had no cause to address the distinctions between *Smith* and *McKesson.* In light of *McKesson,* however, there is significant question whether

the lower courts' determination not to grant retroactive relief in the circumstances of this case would comport with due process. *McKesson* involved a Florida liquor excise tax. For years, the tax had provided preferential treatment for beverages manufactured from certain Florida-grown citrus and other crops. After the U.S. Supreme Court held that a similar preference system in Hawaii violated the Commerce Clause, the statute was amended, dropping the explicit preference for Florida-grown products, but retaining a preferential treatment for beverages made from specifically identified citrus, grape, and sugarcane products, all of which are commonly grown in Florida. Upon challenge by a distributor whose products did not qualify for the rate reductions, the tax was held unconstitutional, but the Florida courts declined to order a refund or any other form of relief for the taxes previously paid.

The Florida Supreme Court offered two equitable grounds for ordering only prospective relief: that the tax scheme was implemented in reliance on a presumptively valid statute and that refunds would in all likelihood result in a windfall, since the added cost had likely been passed on to consumers. The Supreme Court found neither of these considerations "sufficient to override the constitutional requirement that Florida provide retrospective relief as part of its postdeprivation procedure." 496 U.S. at 44, 110 S.Ct. at 2254.

The first of these considerations the Court related to "a concern that a State's obligation to provide refunds for what later turns out to be an unconstitutional tax would undermine the State's ability to engage in sound fiscal planning." *Id.* Under the circumstances, the Court did not find this concern weighty. The Court cited a number of procedural protections a state could adopt to allow for sound fiscal planning while maintaining the ability to provide relief for taxes unlawfully collected. The Court also noted that the State could hardly have been surprised at the invalidation of the statute, which had only been superficially

changed from a form identical to the statute invalidated in the Hawaii case.

The Court also rejected the "pass-on defense", observing first that it was sheer speculation that a pass-on had occurred and second that a pass-on of excess costs was precisely the competitive disadvantage imposed on out of state products that the Commerce Clause was designed to prevent.

As to the form of relief, the Court recognized that the State could remedy the violation, the discrimination against out of state products, by seeking to collect the difference from those who had benefitted from the unlawful preference, either as an alternative to, or in combination with, the refunding of taxes to the "non-preferred" taxpayers.

It is apparent in reading the unanimous opinion in *McKesson* together with the plurality opinion in *Smith* that the distinguishing factor in *Smith* was the determination that *Scheiner* was to be given prospective effect. The result of the prospectivity decision was that the tax had not been unlawful when collected. There being no illegal collection to be remedied, the rule of *McKesson* did not apply.

In the present case, we find that the lower courts failed to undertake a proper analysis of the retroactivity question according to the factors of *Chevron Oil v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In deciding for nonretroactive application,

First, the decision to be applied non-retroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, ... we must ... weigh the merits and demerits of each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. Finally, we [must] weig[h] the inequity imposed by retroactive application, for where a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample

basis in our cases for avoiding the injustice or hardship by a holding of nonretroactivity.

404 U.S. at 106–107, 92 S.Ct. at 355 (citations omitted).

Here, the lower courts relied almost exclusively on the conclusory assertion that requiring refunds would impose a substantial hardship on the City's budget as the basis for denying retroactive application. Little attention was given to determining whether a decision that the tax violated the uniformity requirement was "clearly foreshadowed," the courts merely stating that the taxes had been "collected under a presumptively valid statute." [2] More importantly, there was no discussion of the purpose of the uniformity rule and the effect retroactive or prospective application of a decision invalidating the Mercantile License Tax would have on its operation. This is not surprising, in that the courts did not actually find the tax to be violative of the uniformity provision, but instead avoided deciding that question by addressing the retroactivity question first. In approaching the questions in this manner, putting the cart before the horse, the courts below committed fundamental error.

It makes little sense to follow the precept of avoiding resolution of constitutional questions unless absolutely necessary, where the alternate grounds for decision call into play the reasoning necessary to the constitutional decision. The *Chevron Oil* retroactivity analysis requires a full understanding of how the decision in question was reached, and the purposes to be served by application of the decision. Such analysis is virtually impossible to undertake in any meaningful way where the "decision" is nothing more than assuming the unconstitutionality of the statute arguendo.

Because of the manner in which this case was decided below, the plaintiffs have not had an opportunity to demonstrate through presentation of evidence and argument their

**2.** As noted, in *McKesson* this alone was found to be insufficient basis for denying backward-looking relief, although the Court disagreed with the characterization of the statute in question, which differed only superficially from a statute recently held unconstitutional, as a "presumptively valid statute."

claim that the Mercantile License Tax violated the uniformity requirement of Article 8, Section 1. As argument before this Court focused on the retroactivity question, we are unprepared, on this meager record, to decide this constitutional question. We must, therefore, remand the matter to the Court of Common Pleas for decision on the claim that the Mercantile License Tax was unconstitutional, and for determination of the appropriate remedy, if any.

The Order of the Commonwealth Court, insofar as it affirms the denial of summary judgment to the plaintiffs and the grant of summary judgment to the defendants on the claim for declaratory relief, is affirmed. Insofar as it affirms the grant of summary judgment to the defendants on the claims for refunds, the Order is reversed. The case is remanded to the Court of Common Pleas of Philadelphia County for further proceedings on the plaintiffs claims for refunds. Jurisdiction relinquished.

PAPADAKOS, J., files a concurring opinion in which LARSEN, J., joins.

PAPADAKOS, Justice, concurring.

Because the majority does for Appellants in this case what it refused to do for the Appellants in *American Trucking Associations, Inc., et al. v. McNulty*, 528 Pa. 212, 596 A.2d 784, that is, provide to Appellants "meaningful back-ward looking relief to rectify any unconstitutional deprivation" as required by the United States Supreme Court in *McKesson Corporation v. Division of Alcoholic Beverages and Tobacco, Department of Business Regulation of Fla.*, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), I concur in the result.

I agree that this matter must be remanded to the Court of Common Pleas of Philadelphia County for the resolution of the constitutional issues. If, however, the instant tax is determined to be unconstitutional, I believe that Appellants will more than likely be entitled to the full refunds they are seeking, pursuant to *McKesson*, as discussed in my dissent-

ing opinion in the companion case decided today of *American Trucking.*

LARSEN, J., joins this concurring opinion.